NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 24-1341

_____

UNITED STATES OF AMERICA

v.

JAMAL KNOX,
                    Appellant

_____

Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. No. 2:19-cr-00190-009)
District Judge:  Honorable Marilyn J. Horan

_____

Submitted under Third Circuit L.A.R. 34.1(a)
on March 4, 2025

Before:  MATEY, FREEMAN and ROTH, Circuit Judges

(Opinion filed: November 25, 2025)

_____

OPINION*

_____

_____
* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

ROTH, Circuit Judge

Jamal Knox appeals his conviction for conspiracy to distribute fentanyl and the District Court's calculation of his sentence. Because both of his challenges fail, we will affirm.

I.[1]

Knox was indicted with twelve other individuals for criminal activities connected to the drug trafficking organization "Hustlas Don't Sleep" or "HDS." Knox was charged individually with conspiring with his codefendants and unnamed individuals to possess with intent to distribute heroin and fentanyl. Eleven of his codefendants pleaded guilty, and Knox was tried separately in late 2022. At trial, the government presented testimony from a variety of witnesses, including five of Knox's codefendants, seven law enforcement witnesses, and confidential informant Anthony Gatto, to establish that Knox supplied HDS with fentanyl and heroin and had a close relationship with Robert Howell Jr., the leader of the group. As relevant to this appeal, Gatto testified about his relationship to HDS, including sampling their product and providing construction work on HDS houses, how Howell introduced him to Knox, and how Knox supplied HDS with fentanyl and heroin. In addition, Gatto testified about referring other customers to Knox, his two controlled purchases from Knox in 2019, and other information about Knox's products and distribution practices. The government also presented evidence of Knox's

---

[1] Because we write for the parties, we recite only those facts necessary to our disposition.

sales to non-HDS purchasers, including text messages between Knox and "Dej Cuddy" to corroborate the quantity, packaging, and pricing of his products.

The jury found Knox guilty of conspiracy to distribute at least 40 grams, but not more than 400 grams, of fentanyl. The District Court found the amount of fentanyl attributable to Knox was at least 280 grams, but less than 400 grams, and sentenced Knox to 293 months in prison.

## II.[2]

Knox raises two points on appeal: (1) there was a prejudicial variance between the indictment and the proof at trial, as the government adduced evidence of multiple, separate conspiracies, rather than the single conspiracy charged in the indictment; and (2) the District Court erred in calculating the base offense level for his sentence.

As Knox raises his prejudicial variance challenge for the first time on appeal, we review for plain error.[3] To succeed on this challenge, Knox must demonstrate both that the evidence at trial proved the existence of multiple conspiracies, rather than the charged

---

[2] The District Court had jurisdiction under 18 U.S.C. § 3231. We have appellate jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742.

[3] *See United States v. Vosburgh*, 602 F.3d 512, 531 (3d Cir. 2010). When reviewing for plain error, we will "grant relief only if we conclude that (1) there was an error, (2) the error was 'clear or obvious,' and (3) the error 'affected the appellant's substantial rights.' If those three prongs are satisfied, we have 'the discretion to remedy the error — discretion which ought to be exercised only if the error seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings.'" *United States v. Stinson*, 734 F.3d 180, 184 (3d Cir. 2013) (cleaned up) (quoting *Puckett v. United States*, 556 U.S. 129, 135 (2009)).

conspiracy, and that one of his substantial rights was prejudiced by the variance.[4] Knox argues that the government proved three separate conspiracies—between Knox and HDS, Knox and Gatto, and Knox and Dej Cuddy—rather than the single conspiracy charged in the Indictment.[5] We do not address whether Knox has demonstrated a variance, because even if one exists, he has not shown prejudice.

Knox claims that the purported variance caused him prejudice through "spillover of evidence," leading the jury to confuse evidence of Knox's individual dealings with the conspiracy with HDS. We are concerned with spillover where "incriminating evidence against co-defendants who were involved in separate conspiracies affected the jury's consideration of the evidence against the defendant."[6] We have no such concerns here. Viewed in the light most favorable to the government,[7] the "spillover evidence" that Knox identifies directly implicated his own activities, and that evidence, at the very least, was relevant to proving a conspiracy with HDS by establishing Knox's products and distribution practices.[8] Knox does not advance any other theory of prejudice, nor does he

---

[4] *See United States v. Perez*, 280 F.3d 318, 345 (3d Cir. 2002).

[5] *See id.* ("A defendant alleging a variance between a single conspiracy charged in an indictment and the proof presented at trial must demonstrate, first, that there was such a variance and, second, that the variance prejudiced one of his substantial rights." (citation omitted)).

[6] *United States v. Kemp*, 500 F.3d 257, 291 (3d Cir. 2007) (quoting *United States v. Trainor*, 477 F.3d 24, 36 n.21 (1st Cir. 2007)).

[7] *See Kemp*, 500 F.3d at 287.

[8] *See Perez*, 280 F.3d at 347 (finding that two defendants suffered no prejudice where the purported spillover evidence concerning other coconspirators also "directly implicated both [of those defendants] in the conspiracy"); *Kemp*, 500 F.3d at 291–92 (finding no prejudice from spillover where evidence concerning an uncharged conspiracy between

provide evidence that he was insufficiently informed of the charges against him or that the variance placed him in danger of a subsequent prosecution.[9]  As we will vacate a conviction "only where the discrepancy between the indictment and the proof at trial prejudiced the defendant's substantial rights," Knox's variance challenge fails.[10]

Knox's challenge to the District Court's base offense drug quantity calculations is barred by the invited error doctrine and waiver.[11]  A party may not "complain on appeal of errors that he himself invited or provoked or caused the court or the opposite party to commit."[12]  Such arguments are waived and may not be considered on appeal.[13]  Knox argues that the District Court erred in relying on the exact evidence that Knox himself had argued the District Court should use for the drug quantity calculation.  He "cannot on appeal assume a contrary position simply because the decision in retrospect was a tactical mistake."[14]  For this reason, we will affirm the District Court's calculation.

---

two conspirators was admissible to prove the charged conspiracy between them and other defendants).

[9] *United States v. Daraio*, 445 F.3d 253, 262 (3d Cir. 2006) ("A variance does not prejudice a defendant's substantial rights (1) if the indictment sufficiently informs the defendant of the charges against him so that he may prepare his defense and not be misled or surprised at trial, [or] (2) if the variance is not such that it will present a danger that the defendant may be prosecuted a second time for the same offense." (alteration in original) (quoting *United States v. Schoenhut*, 576 F.2d 1010, 1021–22 (3d Cir.1978))).

[10] *United States v. Allinson*, 27 F.4th 913, 922 (3d Cir. 2022).

[11] We review challenges to courts' drug quantity calculations for clear error.  *See United States v. Diaz*, 951 F.3d 148, 159 (3d Cir. 2020).

[12] *United States v. Henderson*, 64 F.4th 111, 116 (3d Cir. 2023).

[13] *See id.*

[14] *Lesende v. Borrero*, 752 F.3d 324, 337 (3d Cir. 2014).

III.

For the foregoing reasons, we will affirm the verdict and District Court's calculation of Knox's sentence.